**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6067**

ALBERT C. BURGESS, JR.,

> Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

> Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:09-cr-00017-GCM-DLH-1; 1:16-cv-00410-GCM)

Submitted: March 14, 2017      Decided: March 17, 2017

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Albert Charles Burgess, Jr., Appellant Pro Se. Kimlani M. Ford, Cortney Randall, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., seeks to appeal the district court's order dismissing as successive his 28 U.S.C. § 2255 (2012) motion.* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

---

* Burgess filed a petition for a writ of habeas corpus under 28 U.S.C. § 1651 (2012). The district court construed the petition as a motion under 28 U.S.C. § 2255 challenging the 2010 criminal judgment entered following Burgess' convictions under 18 U.S.C. § 2252(a) (2012). On appeal, Burgess does not dispute that his filing challenged the 2010 criminal judgment.

2

We have independently reviewed the record and conclude that Burgess has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED